# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) NO. CR-05-0213-HE |
| ALEXANDER CHRISTIAN MILES, | ) ) ) |
| Defendant. | ) |

## **ORDER**

Defendant is charged in this case with violation of the Mann Act, 18 U.S.C. § 2421 et seq. As pertinent here, the Act prohibits the transportation in interstate commerce of an individual under the age of 18 years with the intent to engage in any sexual activity for which any person could be charged with a crime. 18 U.S.C. § 2423(a). The indictment charges that, in July of 2002, defendant transported a 15-year old girl to Oklahoma with the intent to engage in sexual intercourse with her. The indictment also alleges that defendant married the girl the prior year in Cambodia, when she was 14, and that he married her again in a New York ceremony in December, 2001, based on false representations as to her age.

During hearings held on April 10 and 11, 2006, defendant moved to dismiss the indictment for failure to state an offense.[1] The government has responded in opposition to the motion arguing defendant's objection to the sufficiency of the indictment has been waived and that, in any event, the indictment sufficiently states an offense.

---

[1]*Given the nature of the basis for objection to the indictment, it appears the issues now before the court should have been raised and resolved weeks ago.*

"[T]he failure of an indictment to state an offense is a fatal defect that may be raised at any time." United States v. Bullock, 914 F.2d 1413, 1414 (10th Cir. 1990). See Fed. R. Crim. P. 12(b)(3)(B). Thus, to the extent it goes to the question of whether the indictment states a crime, the court may consider defendant's challenge to its sufficiency.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Gama-Bastidas, 222 F.3d 779, 785 (10th Cir. 2000). The court's determination of the sufficiency of the indictment is governed by "practical rather than technical considerations." Id.

In this case, the indictment states:

1. In 2001, the defendant ALEXANDER CHRISTIAN MILES, M.D. was a resident in anesthesiology in a hospital in New York City, New York. That year he traveled to Cambodia where he met a 14-year old girl and her family.

2. The defendant proposed marriage to the girl's family and sent money to the girl's family. In or about October of 2001, the defendant married the 14-year old Cambodian girl in a Cambodian wedding ceremony. The defendant was 43-years old at that time.

3. The defendant caused documents to be altered indicating the girl was 18-years old and obtained a Cambodian passport and visa for the girl to come to the United States.

4. In or about December of 2001, the defendant transported the 14-year old girl from Cambodia to New York City where, with false documents indicating her age as 18-years old, he married her in a ceremony in New York.

5. In or about June of 2002, the defendant accepted employment at the

Jackson County Memorial Hospital in Altus, Oklahoma.

COUNT 1

In or about July of 2002, in the Western District of Oklahoma and elsewhere,

---------------------------ALEXANDER CHRISTIAN MILES,-------------------

>knowingly transported a girl who had not attained the age of 18 years in interstate commerce with the intent that the girl engage in sexual activity for which the defendant could be charged with a criminal offense, in that, the defendant transported a 15-year old Cambodian girl from New York City to Altus, Oklahoma, with the intent to engage in sexual intercourse with the girl for which acts the defendant could be charged with a criminal offense under the laws of the State of Oklahoma.

All in violation of Title 18, United States Code, Section 2423(a).

In short, the indictment alleges the defendant transported his minor wife in interstate commerce for the purpose of engaging in sexual intercourse in violation of Oklahoma law.

The indictment does not identify the specific Oklahoma law which would be violated by sexual intercourse with the wife/child.[2] In its requested jury instructions, the government

---

[2]*The failure of the indictment to identify the provision or provisions of Oklahoma law relied on is itself cause for concern, as it arguably fails to give the defendant notice of the charges against which he must defend. See, e.g., United States v. Hathaway, 318 F.3d 1001, 1009-10 (10th Cir. 2003) (finding that the indictment, which quoted only a portion of the statute and did not allege any factual details of defendant's conduct, did not set forth all of the elements of the offense of conviction and did not put the defendant on fair notice that he needed to defend against a felony charge). The government has, at various times, asserted four different provisions of Oklahoma law as the basis for its assertion of the illegality of defendant's intended conduct. However, at least with respect to the government's reliance on Oklahoma's statutory rape and lewd acts statutes, the court concludes these concerns are unnecessary to resolution of the present motion.*

has referenced both Oklahoma's statutory rape statute, 21 Okla. Stat. § 1111(A),[3] and Oklahoma's lewd acts statute, 21 Okla. Stat. § 1123. Neither statute establishes a basis for concluding sexual activity as alleged in the indictment would be criminal.

With respect to the statutory rape statute, the language of § 1111(A) explicitly exempts from its scope acts of sexual intercourse with the spouse of the alleged perpetrator, even in cases involving a person under sixteen.[4] In order to establish an intent to violate Oklahoma law under this statute, the government must plead and prove, as an element of the offense,[5] that the defendant and his alleged victim were not married at the time the acts of sexual intercourse occurred. As the indictment on its face pleads that the defendant and his alleged victim were in fact married, it fails to state an offense. See, e.g., United States v. Vesaas, 586 F.2d 101, 103-04 (8th Cir. 1978) (finding an indictment fatally defective where the allegations of false statement contained in the indictment itself stated a legal impossibility). See also, United States v. Prentiss, 256 F.3d 971, 979 (10th Cir. 2001) (finding that an exception to a criminal statute was an essential element of the offense which

---

[3]*Initially, the government suggested reliance on subsection (6) of § 1111(A). Later, at the April 11, 2006, hearing, the government indicated it was shifting its reliance to subsection (1) of §1111(A). Transcript of Motions Hearing, p. 15.*

[4]*"Rape is an act of sexual intercourse involving vaginal or anal penetration accomplished with a male or female who is not the spouse of the perpetrator and who may be of the same or the opposite sex as the perpetrator under any of the following circumstances: 1. Where the victim is under sixteen (16) years of age . . . ." 21 Okla. Stat. § 1111(A)(1).*

[5]*See OUJI-CR 2d, 4-120 (1997). See also Salyers v. State of Oklahoma, 755 P.2d 97, 100 (Okla. 1988) ("The essential elements of a crime are those set forth in the statutes defining the offense.").*

had to be alleged by the government in the indictment).[6]

The court recognizes that the indictment alleges the New York marriage to have been entered into based on misrepresentations of the putative wife's age.[7] However, the government has provided no authority supporting the proposition that such misrepresentations are a basis for ignoring the marriage in this context. To the contrary, the law of both New York and Oklahoma appear to make clear that such misrepresentations of age, at most, make the marriage voidable rather than void. See N.Y. Dom. Rel. Law § 7 (McKinney 1999) (marriage involving a party who is under the age of legal consent is voidable); White v. McGee, 299 P.2d 222, 224 (Okla. 1931) (marriage between persons under age prescribed by statute found to be voidable and not void). As a result, under the circumstances existing here, the marriage alleged in the indictment precludes reliance on Oklahoma's statutory rape statute as the basis for a Mann Act violation.[8] The conduct defendant is alleged to have intended is not a crime under Oklahoma law.

To the extent the indictment alleges acts which could fall under Oklahoma's lewd acts

---

[6]*Though not directly pertinent here, the court notes this conclusion — that the existence of a marriage relationship precludes Mann Act liability in these circumstances — is consistent with the federal law applicable to the maritime and territorial jurisdiction of the United States. See 18 U.S.C. § 2243(c)(2) (marriage is a defense to the crime of sexual abuse of a minor).*

[7]*There are no such allegations as to the Cambodian marriage.*

[8]*There are no doubt circumstances in which the sham nature of a marriage may be established and criminal liability imposed. See, e.g., 8 U.S.C. § 1325(c) (entering into marriage for the purpose of evading the immigration laws); United States v. Ul Islam, 418 F.3d 1125, 1128 (10th Cir. 2005) (finding sufficient evidence of a violation of 8 U.S.C. § 1325(c)). However, that is not the nature of the charge involved here and the indictment does not allege, directly or indirectly, that the marriages were shams.*

statute, 21 Okla. Stat. § 1123, any such acts are encompassed within the conduct alleged under the rape statute. See Dill v. State of Oklahoma, 122 P.3d 866, 869 (Okla. 2005) (noting lewd molestation is a lesser included offense of rape under Oklahoma law). As such, the marital status of the defendant and his alleged victim is a legal barrier to a prosecution under § 1123 as well.

In its most recent submissions to the court, the government asserts that it can prove that the defendant coerced or threatened the alleged victim in this case to engage in sexual intercourse and that this conduct constitutes a crime under Oklahoma law notwithstanding the marriage relationship. However, while such facts may be sufficient to establish a violation of 21 Okla. Stat. § 1111(B),[9] there is not the slightest hint of any such conduct alleged in the indictment. As a result, the indictment does not put the defendant on fair notice that he would have to defend against a charge of intending the forcible rape of his spouse. See supra n.2, citing Hathaway, 318 F.3d at 1009-10. See also, United States v. Hien Van Tieu, 279 F.3d 917, 921 (10th Cir. 2002) (constructive amendments to an indictment, prohibited by the Fifth and Sixth Amendments, occur "when the Government, through evidence presented at trial, or the district court, through instructions to the jury, broadens the basis for a defendant's conviction beyond acts charged in the indictment").

Based on the foregoing considerations, the court concludes the indictment does not

---

[9]*"Rape is an act of sexual intercourse accomplished with a male or female who is the spouse of the perpetrator if force or violence is used or threatened, accompanied by apparent power of execution to the victim or to another person." 21 Okla. Stat. § 1111(B).*

state a crime. The government's shifting theories for avoiding the impact of the marriage alleged in this case either fall short as a matter of law or involve attempts to establish liability based on matters not alleged in the indictment, contrary to the Fifth and Sixth Amendments.

The court takes no pleasure in this disposition. If the materials submitted to the court in connection with pretrial motions accurately reflect defendant's intentions and actions, he plainly deserves substantial exposure to the criminal justice system. However, the only question before this court is whether the Mann Act violation alleged here sets out a basis for imposing criminal liability on the defendant. For the reasons noted here, the indictment in this case does not state an offense and is therefore fatally defective. Accordingly, the case must be, and is hereby, **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE